UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY L. CROOM, | : | |
| Plaintiff, | : | CIVIL NO. |
| V. | : | 3:00CV1805 (PCD) |
| WESTERN CONNECTICUT STATE UNIVERSITY, | : | OCTOBER 23, 2003 |
| Defendant. | : | |

**PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S MOTION FOR COSTS**

The plaintiff in the above matter, by his attorney, Jerry V. Leaphart of Jerry V. Leaphart & Assoc., P.C., hereby objects to defendant's Motion for Costs and relies on the annexed Affirmation in support of his objections.

Dated: October 23, 2003
Danbury, CT

THE PLAINTIFF

By _____
Jerry V. Leaphart/ct17185
JERRY V. LEAPHART & ASSOC., PC
8 West Street, Suite 203
Danbury, CT 06810
(203) 825-6265

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY L. CROOM, | : |
|       Plaintiff, | : CIVIL NO. |
| V. | : 3:00CV1805 (PCD) |
| WESTERN CONNECTICUT STATE UNIVERSITY, | : OCTOBER    , 2003 |
|       Defendant. | : |

### AFFIRMATION OBJECTING TO DEFENDANT'S MOTION FOR COSTS

Jerry V. Leaphart of Jerry V. Leaphart & Assoc., P.C., attorney for the plaintiff in the above matter, hereby affirms as follows:

1. This affirmation is made in opposition to defendant's Motion for Costs dated October 14, 2003.

2. The defendant seeks to be reimbursed for costs that either are not recoverable under L.R.Civ.P. 17 or should not be recoverable in this case because

    **(A)** defendant did not comply with L.R.Civ.P. 17(c)(2)(ii) and (vii); and/or

    **(B)** defendant's deponents engaged in misconduct; and/or

(C) plaintiff, Jeffrey L. Croom, was required to file for bankruptcy and cannot pay the costs.

We demonstrate these points as follows:

**(A) Defendant failed to comply with L.R.Civ.P. 17(c)(2)(ii) and (vii):**

(1)

> "1. Fees of the Court Reporter...
> 12 depositions...$3,963.49".

The defendant lists "fees of the court reporter" for 12 depositions that were taken during the process of discovery. Under L.R.Civ.P. 17(c)2(ii), the only transcripts for which costs are recoverable are trial transcripts or deposition transcripts under certain circumstances. This case was not tried. The defendant did not demonstrate where and how such transcripts were used in support of a successful motion for summary judgment; the defendants failed to assert, much less demonstrate, that the depositions were useful or necessary.

(2)

> "2. Expert Witness Fees...1 Expert
> Witness...$756.25".

The defendant fails to cite a statute under which it is permitted to recover this witness fee. Pursuant to L.R.Civ.P. 17(c)7(vii) a party is required to cite authority for such request. Accordingly, defendant did not present adequate justification for that cost.

**(B) Defendant's deponents engaged in misconduct:**

Several of defendant's deponents engaged in misconduct based on failure to answer questions (see Exhibit A attached); and contradictory statements (see Exhibit B attached) such that, if anything, the depositions were more helpful to the plaintiff than the defendant.

It is well settled that costs are to be disallowed where misconduct is shown:

> "...court has discretion, of course, but absent misconduct by the prevailing party or the losing party's inability to pay, 'the presumption in favor of awarding costs to the prevailing part is difficult to overcome...'". Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926,945 (7th Cir. 1997).

Clearly, based on the demonstrated misconduct of defendant's deponents, no reimbursement for the costs of depositions should be allowed.

**(C) The plaintiff, Jeffrey L. Croom cannot afford to pay the costs that defendant seeks to impose upon him:**

Annexed hereto as Exhibit C is confirmation that plaintiff had sought bankruptcy protection confirming his inability to pay costs.

Dated: October 23, 2003          THE PLAINTIFF
Danbury, CT

By _____
Jerry V. Leaphart ct17185
JERRY V. LEAPHART & ASSOC., PC
8 West Street, Suite 203
Danbury, CT 06810
(203) 825-6265

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Affirmation was mailed, postage prepaid, this 23 day of October 2003 to the following:

Joseph A. Jordano, Esq.
Assistant Attorney General
State of Connecticut
Office of the Attorney General
Post Office Box 120
55 Elm Street
Hartford, CT 06141-0120

_____
Jerry V. Leaphart

COPY

1                                                                    1

2

3                    UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT
4       ---------------------------------------------X
        JEFFREY L. CROOM,
5
                        Plaintiff,
6
              vs.                              Civil No.
7                                              3:00CV1805 (PCD)

8       WESTERN CONNECTICUT STATE UNIVERSITY,

9                       Defendant.
        ---------------------------------------------X
10

11

12

13              DEPOSITION OF DARYLE J. DENNIS,

14      a witness on behalf of the Defendant WESTERN CONNECTICUT

15      STATE UNIVERSITY, in the above-captioned matter, held

16      pursuant to Order, at the Law Offices of Jerry V.

17      Leaphart & Associates, P.C., 155 Main Street, Danbury,

18      Connecticut, before Joanna P. Mastrantuono, Registered

19      Professional Reporter and Notary Public in and for the

20      State of Connecticut, held on January 15, 2002, at 9:00

21      a.m.

22

23      ----------------------------------------------------------
                     GREATER DANBURY COURT REPORTERS
24                         100 Mill Plain Road
                           Post Office Box 354
25                    Danbury, Connecticut   06810
                           (203) 792-9695


                                                          EXHIBIT A

```
                    DARYLE J. DENNIS                    59

                MR. JORDANO: I object. The numbers
speak for themselves. We'll stipulate that we provided
you with the report. I object to questions that are
drawn from a report from a witness who apparently has no
foundation to give those answers. So that's my
objection.
                MR. LEAPHART: So that as the objection
does not go to form or to an area of privilege.
                MR. JORDANO: It goes to foundation.
                MR. LEAPHART: Which is not an
objection recognized for purposes of a deposition, so I
will continue.
                THE WITNESS: Well, do I have to
continue?
                MR. JORDANO: Answer if you know the
answer.
     A.    Do I have to answer the questions then?
     Q.    Yes, you do.
                MR. JORDANO: Could you repeat the last
question pending?
                MR. LEAPHART: Well, I don't remember
what the last question pending was. The silique was too
long, and I will ask that the last question be repeated,
but I have a concern at this point, that the witness, if
```

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
----------------------------------------X
JEFFREY L. CROOM,

                Plaintiff,

vs.                           Civil No.
                              3:00CV1805 (PCD)

WESTERN CONNECTICUT STATE UNIVERSITY,

                Defendant.
----------------------------------------X

DEPOSITION OF HENRY G. TRITTER,

a witness on behalf of the Defendant WESTERN CONNECTICUT STATE UNIVERSITY, in the above-captioned matter, held pursuant to Order, at the Law Offices of Jerry V. Leaphart & Associates, P.C., 155 Main Street, Danbury, Connecticut, before Joanna P. Mastrantuono, Registered Professional Reporter and Notary Public in and for the State of Connecticut, held on January 18, 2002, at 2:45 p.m.

----------------------------------------

GREATER DANBURY COURT REPORTERS
100 Mill Plain Road
Post Office Box 354
Danbury, Connecticut 06810
(203) 792-9695

EXHIBIT B

HENRY G. TRITTER                                          140

request of May 24, '99, contradicted the last of the letters, the one dated June 18, 1999, because you thought the one dated June 18, 1999, was a poor choice of words and that she had meant to say that you really have been considered by the search committee; correct?

A. Actually, I just did the opposite.

Q. What did you say?

A. I said that this letter --

Q. Plaintiff's 26.

A. Contradicted the other ones. Not that these contradict that one. That this contradicts the other two.

Q. And to which of the three do you give the greatest significance or do you attribute to be true?

A. I don't give greater significance to any of them. I look at them as -- I am looking at them as a unit, as a progression through the process of selecting a candidate. And in that case, the first one follows the contractual requirement, the second one follows the contractual requirement, and the third one appears -- the third one, if one ignores the first two, this is oxymoronic, if one ignores the first two. The first one appears to contradict the first two.

Q. Is that your answer?

HENRY G. TRITTER                                                         139

us again, because I'm confused.

Q. Do you want me to give you the question again?

A. Yes, because I thought I did answer it.

Q. Do you attribute significance to the fact that Plaintiff's Exhibit 26 was signed by Ms. Wilds in a dual capacity, namely that of Dean of Student Affairs and Chair of the Search committee, yes or no?

A. The significance that I attach to this is that on this document she was acting in her role as Chair of the Search Committee. I do not attach significance to the fact that in the other two documents that she didn't refer to herself as Chair of the Search Committee. There was an indication that the process was being followed to, apparently, to the letter of the contract, but that in the one that she signed as Chair of the Search Committee, there is wording that, forgetting the first two documents, is open to interpretation, as you have done.

Q. Okay. Now, let's just look at that following ordinary rules of reason.

MR. JORDANO: Object to form, foundation. I don't know what the ordinary rules of reason are.

Q. You indicated that Plaintiff's 22, the earlier

```
1                    HENRY G. TRITTER                      145
2       A.   And I believe that I responded to how I tested
3   my hypothesis.
4       Q.   This afternoon.  Right.  Right.  So I'm just
5   asking you to consider that and to answer that, if you
6   feel comfortable in doing so, as to the possibilities
7   inherent in the two documents.
8                MR. JORDANO:  Object to the form,
9   foundation; calls for speculation; assumes facts not in
10  evidence.  Go ahead and answer.
11      A.   I continue to believe that the two documents are
12  contradictory.  I'm uncomfortable responding to your
13  question about the possibility of something because --
14      Q.   That is the possibility, that the latter in time
15  document is more accurate?
16      A.   No.
17      Q.   That's the possibility I'm asking you to
18  consider.
19      A.   Anything -- considering anything could happen.
20      Q.   No.  Please understand me, Mr. Tritter.
21      A.   I'm not trying to be difficult either.
22      Q.   Fair enough.  Let's look at this, a letter of
23  June 18 says this is what happened.
24               MR. JORDANO:  Object to the form,
25  foundation.
```

**U.S. Bankruptcy Court for the Eastern District of North Carolina**
CLERK, U.S. BANKRUPTCY COURT
POST OFFICE DRAWER 2807
WILSON, N.C. 27894-2807

In Re a *Petition for Relief under Chapter 7 of Title 11, U.S. Code*, filed by or against the below-named Debtor on August 15, 2002:
DEBTOR: JEFFREY L. CROOM of 1706 COLONIAL WAY, NEW BERN, NC 28560; SSN: 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, EIN: N/A

CASE NO. 02-06726-8-JRL

ORDER AND NOTICE BY THE COURT

**FILED**

AUG 1 5 2002

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

ORDER APPOINTING INTERIM TRUSTEE
AND APPROVING STANDING BOND

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

The following interim trustee is hereby appointed, and the trustee's standing bond is fixed under the blanket bond heretofore approved.

William P. Janvier
PO BOX 911
RALEIGH, NC 27602-0911

Dated: AUG 1 5 2002

U. S. BANKRUPTCY JUDGE

cc: Janvier 8/15/02
LCB

2

EXHIBIT C



EVERETT
GASKINS
HANCOCK
& STEVENS LLP
Attorneys and Counselors at Law

WILLIAM P. JANVIER*
bill@eghs.com

*Board Certified Specialist
in Business and
Consumer Bankruptcy

September 23, 2002

Mr. Jerry V. Leaphart
155 Main Street, Suite 201
Danbury, CT 06810

    Re:    Jeffrey Croom
            Case No. 02-06726-8-JRL

Dear Mr. Leaphart:

    I have been appointed as the Chapter 7 Bankruptcy Trustee for the above individual. A copy of the order appointing me as Trustee is attached. Mr. Croom has listed among his assets a suit which he indicates you are pursuing on his behalf against Western Connecticut University.

    It is my position as Bankruptcy Trustee that this lawsuit is property of the bankruptcy estate, which I am required to liquidate. Accordingly, at your very earliest convenience, I would appreciate you contacting me to discuss the case and any possibility of resolution. If needed to make you more comfortable releasing information to me, I will issue an appropriate subpoena.

    Please do not take any action to resolve this matter without contacting me first.

Very truly yours,

EVERETT, GASKINS, HANCOCK & STEVENS, LLP

William P. Janvier

WPJ/mek

Attachment

cc:    Allen Murphy, Esq., Attorney for Jeffrey Croom (w/o attachment)

J:\Janvier, Trustee\Croom\Correspondence\leaphart_092302.wpd

The Professional Building • 127 W. Hargett Street, Suite 600 • P.O. Box 911 • Raleigh, North Carolina 27602-0911
Telephone: (919) 755-0025 • Facsimile: (919) 755-0009 • Website: www.eghs.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff's Objections to Defendant's Motion for Costs and Affirmation were mailed, postage prepaid, this 23rd day of October 2003 to the following:

Joseph A. Jordano, Esq.
Assistant Attorney General
State of Connecticut
Office of the Attorney General
Post Office Box 120
55 Elm Street
Hartford, CT 06141-0120

_____
Jerry V. Leaphart