UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Oct 29  2 04 PM '03
DISTRICT COURT
NEW HAVEN, CONN.

JEFFREY CROOM : CIV. NO. 3:00CV1805(PCD)
*Plaintiff,* :
:
v. :
:
WESTERN CONNECTICUT :
STATE UNIVERSITY : October 28, 2003
*Defendant*

## DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR COSTS

COMES NOW the defendant and hereby replies to the plaintiff's objection to defendant's motion for costs (Doc. # 146) filed with the Court on or about October 15, 2003. The plaintiff makes reference in its Affirmation Objection to Defendant's Motion for Costs in ¶ 2 to L. R. Civ. P. 17. The defendant, through counsel, notes that currently there is no Local Rule 17 and that number is currently reserved for future designation. Upon information and belief, the plaintiff's objection to the defendant's motion for costs is premised on Local Rule 54.

Plaintiff ¶ 2A1 – Eleven of the twelve depositions in the above-captioned matter were taken by plaintiff's counsel and, under federal rules, the defendant was forced to incur the costs for these depositions. The lone deposition taken by the defendant was that of the plaintiff, Jeffrey Croom. It was plaintiff's counsel who insisted on a prolonged fishing expedition for non-existent material. It was plaintiff's counsel who insisted on going forward with these depositions over defendant's objections, which forced the defendant to incur additional costs.

Plaintiff counsel misstates the law as far as being able to recover costs. The defendant prevailed at the summary judgment stage. (Doc. # 136 & 137). Rule 54(c)(iii) specifically states that items that are taxable include, "The cost of an original and one copy of deposition transcripts are recoverable as costs, if used at trial in lieu of live testimony, for cross examination or impeachment, **if used in support of a successful motion for summary judgment.**"

(Emphasis added). The district court has continually granted costs for deposition transcripts when the case is disposed of at summary judgment. See <u>Gaunichaux v. Dept. of Children and Families</u>, 3:00CV0392(EBB); <u>Curtis v. Board of Trustees for Community Technical Colleges</u>, 3:00CV1551(EBB); <u>Wallett v. Anderson, et al.</u>, 3:00CV0053(AVC); <u>Holloway v. Dept. of Children and Families</u>, 3:99CV2241(WWE).

Plaintiff ¶ 2A2 – Rule 54(c)(4)(i), in pertinent part, states, "…Witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. Witness fees for officers of a corporation are taxable provided that such witnesses are not named parties to the action. **Fees for expert witnesses are taxable at the same rates as any other witness. Any amounts in excess of the statutory limits are not taxable.**" (Emphasis added) The deposition was of plaintiff's expert witness and it was at plaintiff's insistence that the deposition occurred. Wherefore, the defendant is entitled to recover his cost for the expert witness. The defendant leaves it to the Court's discretion whether or not the $756.25 cost is reasonable

Plaintiff ¶ 2B – Contrary to plaintiff counsel's opinion, there is no evidence or facts of misconduct on the part of any of the deponents. Plaintiff's counsel is engaging in another fishing expedition when he makes the allegation of inconsistencies as a basis for denying defendant's motion for costs. The opinions of plaintiff's counsel are irrelevant and immaterial. The defendant respectfully reminds the court that these deponents were deposed by the plaintiff, not the defendant.

Plaintiff ¶ 2C – It appears that the plaintiff filed for bankruptcy in or about August 15, 2002 in the state of North Carolina. However, the issue of whether or not an award of costs is a collectible debt is an issue for the bankruptcy court to decide. There is a question of whether or not the bankruptcy petition is ongoing and, if plaintiff's petition has already been finalized, the pending motion for costs before this court may or may not be dischargeable pursuant to current bankruptcy laws.

2

WHEREFORE, the defendant replies to plaintiff's objection to its motion for costs and prays the Court grant its motion for costs.

>                    DEFENDANT
>                    WESTERN CONNECTICUT
>                    STATE UNIVERSITY
>
>                    RICHARD BLUMENTHAL
>                    ATTORNEY GENERAL
>
> BY:                _____
>                    Joseph A. Jordano
>                    Assistant Attorney General
>                    Federal Bar No. ct 21487
>                    55 Elm Street, P.O. Box 120
>                    Hartford, CT  06141-0120
>                    Tel:  (860) 808-5340
>                    Fax: (860) 808-5383
>                    E-mail address:
>                    Joseph.Jordano@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing Reply to Plaintiff's Objection to Defendant's Motion for Costs was mailed, U.S. mail first class postage prepaid, this 28th day of October, 2003 to all counsel of record.

Jerry V. Leaphart, Esq.
Leaphart & Associates
Leed Professional Building
155 Main Street, Suite 201
Danbury, CT  06810
Tel.: (203) 825-6265

_____
Joseph A. Jordano
Assistant Attorney General