CTDC/NHCT
00-CV-1805
Dorsey

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 9TH day of OCT., two thousand and three.

PRESENT:

    HON. ROGER J. MINER,
    HON. GUIDO CALABRESI,
    HON. CHESTER J. STRAUB,
        *Circuit Judges.*

FILED OCT 9 2003

---

JEFFREY L. CROOM,
    *Plaintiff-Appellant,*

    v.                                         No. 03-7085

WESTERN CONNECTICUT STATE UNIVERSITY,
    *Defendant-Appellee.*

---

| | |
|---|---|
| For Plaintiff-Appellant: | JERRY V. LEAPHART, Jerry V. Leaphart & Associates, P.C., Danbury, CT |
| For Defendant-Appellee: | JOSEPH A. JORDANO, Assistant Attorney General, *for* Richard Blumenthal, Attorney General (Eleanor May Mullen, Assistant Attorney General, *on the brief*), Hartford, CT |

1

ISSUED AS MANDATE:    NOV 1 4 2003

Appeal from the United States District Court for the District of Connecticut (Dorsey, *J.*).

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

---

Plaintiff Jeffrey L. Croom, an African-American man in his late forties, brought suit against his former employer, Western Connecticut State University ("Western"), for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and age discrimination in violation of Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* Plaintiff worked for Western for over seven years as an Assistant to the Director of Housing, Resident Director, until he resigned on July 20, 1999. His complaint alleged that Western denied him a promotion and constructively discharged him on account of his race and age.

On December 12, 2002, the district court (Dorsey, *J.*) granted Western's motion for summary judgment. On February 6, 2003, the district court granted Plaintiff's motion for reconsideration, but, after reconsidering, adhered to its prior decision.

We review a district court's ruling on a motion for summary judgment de novo, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the nonmoving party. *Hotel Employees & Rest. Employees Union, Local 100 of N.Y. v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 543 (2d Cir. 2002). "[A] plaintiff asserting an employment discrimination claim has the burden at the outset of presenting evidence sufficient to establish a prima facie case of discrimination." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir.

1995). To establish a prima facie case, Plaintiff must show that: 1) he is a member of a protected class; 2) he is qualified for his position or qualified for the potential promotion; 3) he suffered an adverse employment action; and 4) the circumstances give rise to an inference of discrimination. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). Upon carefully reviewing the record, we agree with the district court's determination that Plaintiff did not make out a prima facie case.

First, Plaintiff failed to establish an "adverse employment action" based on a constructive discharge theory because no rational juror could find that Western intentionally created working conditions that were so "difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 89 (2d Cir. 1996) (internal quotation marks omitted).

Second, while Western's decision not to promote Plaintiff to the position of Director of Pre-Collegiate and Access Services qualifies as an "adverse employment action," and while the fact that the person who was selected for the position was not an African American (he was Hispanic) may suffice to satisfy Plaintiff's *de minimis* burden of establishing the fourth prong of a prima facie case, *see Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 98 (2d Cir. 2001) (the fourth prong may be satisfied by showing "the ultimate filling of the position with an individual who is not a member of the protected class"), Western offered a non-discriminatory explanation for the choice that was based on the applicants' levels of experience. Because Plaintiff failed to proffer evidence "from which a fact-finder could reasonably conclude that [Western's] reason was pretextual and that the real reason was discrimination," *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 317 (2d Cir. 1999), the district court's grant of summary judgment was proper, *id.* at

3

1    318.

2      We have considered all of Plaintiff's claims and find them to be without merit.

3    Accordingly, we AFFIRM the judgment of the district court.

For the Court,<br>
ROSEANN B. MACKECHNIE,<br>
Clerk of the Court<br>
by: *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
            DEPUTY CLERK