UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JEFFREY CROOM

    VS.                                                    CIVIL 3:00CV1805(PCD)

WESTERN CONNECTICUT
STATE UNIVERSITY

RULING ON DEFENDANT'S MOTION FOR COSTS

Judgment entered for the defendant on December 17, 2002, after a ruling entered granting defendant's motion for summary judgment. Plaintiff filed a Notice of Appeal on January 15, 2003. Defendant filed a Motion for Costs on October 15, 2003. Plaintiff filed an objection on October 24, 2003 and defendant filed a reply on October 29, 2003. A Mandate was filed on November 19, 2003, affirming the judgment. For the reasons stated below, the defendant's motion for costs is granted in part and denied in part.

A. FEES FOR COURT REPORTER: Defendant is entitled to costs for an original and one copy of a transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80. Pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures", maximum transcript rates for an original and one copy are $3.75 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs, Wahl v Carrier Mfg. Co., Inc. 511 F.2d 209, 217 (7th Cir.,1975). Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment, or in support of a successful

1

motion for summary judgment pursuant to Local Rule 54(c)2(ii). A review of the court record reflects that all of the claimed depositions were used in support of defendant's motion for summary judgment.

Defendant submitted a claim for the deposition transcripts of the plaintiff, Jeffrey L. Croom, held on December 21, 2001, in the amount of $473.75 and on January 17, 2002, in the amount of $552.95. These claims are reduced to $452.75 and $528.75, respectively.

Defendant submitted a claim for the deposition transcripts of Daryle J. Dennis, Constance Wilds and Barbara Barnwell held on February 6, 2002, in the amount of $809.65. This claim is reduced to $797.65, eliminating the postage fee.

Defendant submitted a claim for the deposition transcript of John N. Wallace held on February 11, 2002, in the amount of $303.24. This claim is reduced to $291.24, eliminating the postage fee.

Defendant submitted a claim for the deposition transcript of Henry G. Tritter held on February 28, 2002, in the amount of $316.10. This claim is reduced to $294.95, eliminating the fee for exhibit copies.

Defendant submitted a claim for the deposition transcript of James R. Roach held on April 22, 2002, in the amount of $606.32, which is allowed.

Defendant submitted a claim for a deposition transcript held on May 3, 2002, in the amount of $695.00. Although the invoice from J. H. Buehrer & Associates in New Jersey, does not reflect who this deposition was for, there was another claim submitted by the defendant's expert witness, Ervin Schoenblum, reflecting that his

deposition was held in New Jersey on May 3, 2002. Therefore, this claim is reduced to $570.00.

Defendant submitted a claim for the deposition transcripts of William Cibes, Ernie Marquez and Barbara Barnwell held on May 18, 2002, in the amount of $407.18. This claim is reduced to $400.68, eliminating the postage fee.

The total claim for court reporter's fees is allowed in the amount of $3,942.34.

B <u>FEES FOR WITNESSES</u>: Witness fees for attendance at a deposition are taxable if the deposition is a taxable costs, Local Rule 54(c)4(i). Fees for expert witnesses are taxable at the same rates as any other witness. Defendant submitted a claim for expert witness fees for Ervin Schoenblum in the amount of $756.25. This claim is reduced to $40.00, which is the statutory witness fee.

D.  <u>SUMMARY</u>:   For the reasons previously stated, the defendant's bill of costs is allowed as follows:

    FEES FOR COURT REPORTER    $3,942.34

    FEES FOR WITNESS                    40.00

    TOTAL                              $3,982.34

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated in New Haven, Connecticut, this 31st day of December, 2003.

                          KEVIN F. ROWE, CLERK

                          BY:  /s/
                              Lori Inferrera
                              Deputy-in-Charge